**Jorge Luis Magdaleno RAMIREZ; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–72363.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 1, 2008.*

Filed Dec. 16, 2008.

Jorge Luis Magdaleno Ramirez, Santa Ana, CA, pro se.

Ana Claudia Magdaleno, Santa Ana, CA, pro se.

District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carol Federighi, Esquire, Senior Litigation Counsel, U.S. Depart-

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ment of Justice, Civil Division/Office of Immigration Litigation, Paul Cygnarowicz, Trial, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, CLIFTON and BEA, Circuit Judges.

### MEMORANDUM [**]

Petitioners have filed a motion to reinstate their petition for review. That motion also contains a request to proceed in forma pauperis, accompanied by petitioners' financial affidavit. The motion to reinstate and request to proceed in forma pauperis are granted. The Clerk shall amend the docket to reflect this status.

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' motion to reconsider and reopen removal proceedings. Petitioners' opposition to respondent's motion for summary affirmance in part and dismissal in part shall also serve as a response to this court's June 13, 2008, order to show cause why this petition should not be summarily affirmed in part and dismissed in part.

Upon review of the record and the parties' papers, respondent's motion for summary affirmance in part and dismissal in part is granted. A motion for reconsideration must be filed within 30 days of the date of entry of a final order of removal. *See* 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2). Because petitioners' motion for reconsideration was filed beyond the 30–day deadline, and petitioners have not contended that any exceptions apply to this time limit, the BIA did not abuse its discretion in denying petitioners' untimely motion to reconsider. *See Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008). Accordingly, respondent's motion for summary disposition of this petition in part is granted because the questions raised are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

In addition, this court lacks jurisdiction to review the BIA's denial of reopening for failure to establish a prima facie case if a prior adverse discretionary decision was made by the agency. *See Fernandez v. Gonzales,* 439 F.3d 592, 601 (9th Cir.2006). The BIA also denied reopening *sua sponte,* which this court lacks jurisdiction to review. *See Ekimian v. INS,* 303 F.3d 1153 (9th Cir.2002). Accordingly, the government's motion to dismiss this petition for review in part is granted.

All other pending motions are denied as moot. The temporary stay of removal confirmed by Ninth Circuit General Order 6.4(c) shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.